Maurice Harmon (MH-9419)
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA  18067
Telephone:  610.262.9288
Fax:  610.262.9557
maurice@harmonseidman.com

Christopher Seidman (CS-7816)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, CO  81501
Telephone:  970.245.9075
Fax:  970.245.8086
chris@harmonseidman.com

*Attorneys for Plaintiff DRK Photo*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DRK PHOTO, a sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>PEARSON EDUCATION, INC. and JOHN DOE PRINTERS 1-10,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff DRK Photo ("DRK") for its Complaint against Defendants Pearson Education, Inc. ("Pearson") and John Doe Printers 1-10 alleges:

**STATEMENT OF ACTION**

1. This is an action for copyright infringement and fraud brought by DRK, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by Pearson, against Defendants for uses of DRK's photographs without its authority or permission.

**PARTIES**

2.  DRK is a Sedona, Arizona, stock photography agency engaged in licensing photographic images to publishers, including Pearson.  DRK is a sole proprietorship owned and operated since 1981 by Daniel R. Krasemann, a United States citizen and a resident of Sedona.

3.  Pearson is a Delaware corporation and publisher of educational textbooks.  Pearson sells and distributes textbooks via its employees and agents in Arizona and throughout the United States, including the publications in suit and ancillary materials, in which DRK's photographs are unlawfully reproduced.  At all times pertinent to the allegations herein, Pearson acted through its various imprints and divisions, as identified in Exhibit A (divided into A-1, A-2 and A-3 due to file size).

4.  John Doe Printers 1-10 are the printers of some or all of the publications in suit and ancillary materials, whose identities are known to Pearson but unknown to DRK.

**JURISDICTION AND VENUE**

5.  This is an action for injunctive relief, statutory damages, monetary damages, punitive damages and interest under the copyright laws of the United States and Arizona common law.

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (copyright) and 1367 (supplemental jurisdiction).

7.  Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

**FACTS COMMON TO ALL COUNTS**

8.  DRK is the owner and exclusive copyright holder of the attached photographic images ("Photographs") depicted in Exhibit A, whose registration status with the United States Copyright Office is set forth in that exhibit.

9. Between 1992 and 2009, DRK sold Pearson limited licenses to use copies of the Photographs in numerous educational publications. The licenses DRK granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit A.

10. DRK granted the limited use licenses in response to Pearson's representations to DRK that the use of the Photographs would not exceed the limitations contained in its license requests. *See*, for example, Exhibits B-F, which set forth the identity of the persons making the misrepresentations; the time, place and content of the misrepresentations; and the method by which the misrepresentations were communicated to DRK.

   A. Pearson sought and secured a license to use DRK images in *Essential Biology with Physiology*, limited to 40,000 copies and North American distribution. Without notice to or permission from DRK, Pearson printed at least 81,000 copies and created an international edition and distributed it overseas. Exhibit B.

   B. Pearson sought and secured a license to use DRK images in *Biological Science, Second Edition*, limited to 40,000 copies. Without notice to or permission from DRK, Pearson printed at least 83,900 copies. Exhibit C.

   C. Pearson sought and secured a license to use DRK images in *Biology: A Guide to the Natural World, Third Edition*, limited to 40,000 copies. Without notice to or permission from DRK, Pearson printed at least 67,000 copies. Exhibit D.

   D. Pearson sought and secured a license to use DRK images in *Earth Science, Eleventh Edition*, limited to North American distribution. Without notice to or permission from DRK, Pearson created an international edition and distributed it overseas. Exhibit E.

   E. Pearson sought and secured a license to use DRK images in *Essentials of Geology, Tenth Edition*, limited to North American distribution. Without

notice to or permission from DRK, Pearson created an international edition and distributed it overseas. Exhibit F.

11. At the time Pearson represented to DRK in its license requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the permissions it was requesting and paying for.

12. Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with DRK, and to conceal the copyright infringements that followed. Pearson's false and misleading representations deceived DRK and concealed the copyright infringements that followed.

13. DRK relied to its detriment on the truthfulness of the express limitations contained in Pearson's license requests in establishing DRK's license fees.

14. When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses to DRK. This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but DRK had no such knowledge nor any reason to assume Pearson was being deceitful in the uses it was making of the Photographs. Pearson never disclosed its unauthorized uses to DRK.

15. Pearson's fraud was effective and worked as intended. For years the infringements that followed Pearson's fraud were concealed. But for DRK's fortuitous discovery of Pearson's fraudulent acts, Pearson's infringing acts would still be concealed, as Pearson intended.

16. Pearson alone knows the full extent to which it has infringed DRK copyrights by violating DRK license limits.

17. On numerous occasions, Pearson requested licenses from DRK for Pearson's re-use of DRK Photographs in later editions of books for which DRK had granted limited licenses for earlier editions of the same books. On receipt of such requests, DRK responded by asking Pearson for print run totals for the various editions of the books. Pearson did not provide the requested information. The following are examples.

    A. Michelina Viscusi, an Image Permission Coordinator with Pearson, sent a "Billing Request – Initial Letter" to DRK dated October 9, 2008, requesting licenses for the re-use of four DRK Photographs in the eighth edition of a book entitled *Biology* by Campbell and Reece. By e-mail message dated April 13, 2009, DRK asked Ms. Viscusi, "Could you please tell me how many copies of this title have been printed to date?" Pearson did not provide the requested information. Exhibit G-1.

    B. On February 24, 2009, DRK received an e-mail message from Debbie Latronica, an Image Permission Coordinator with Pearson, along with a license request to re-use a DRK Photograph in the seventh edition of a book entitled *Organic Chemistry* by Wade. On April 14, 2009, DRK e-mailed a message to Ms. Latronica inquiring:

> For the Organic Chemistry (by Wade) title we had images in editions **four**, **five**, **six**, and now this request for edition **seven**.
>
> What I need to know is the print run total for each of these editions.

(Boldface in original.) Pearson did not provide the requested information. Exhibit G-2.

    C. On March 2, 2009, DRK received an e-mail message from Silvana Attanasio, an Image Permission Coordinator with Pearson, along with two separate license requests to re-use DRK Photographs in the second edition of a book entitled *How Does the Earth Work: Physical Geology and the Process of Science* by Smith and Pun.

On April 14, 2009, DRK e-mailed a message to Ms. Attanasio inquiring as to how many copies of the first edition were printed and how many copies of the second edition had been printed. Pearson did not provide the requested information. Exhibit G-3.

D. On April 22, 2009, DRK received an e-mail message from Michelina Viscusi, an Image Permission Coordinator with Pearson, along with eight separate license requests to re-use DRK Photographs in the seventh edition of a book entitled *Elements of Ecology* by Smith and Smith. By e-mail message dated April 22, 2009, DRK asked Ms. Viscusi:

> Thank you for emailing eight (8) individual licensing requests for Elements of Ecology, 7th edition, by Smith & Smith.
>
> To properly consider these licensing requests we do need some additional information; that information includes:
>
> 1.) the total number of copies printed of the © 2003 Addison Wesley, 5th edition.
>
> 2.) the total number of copies printed of the © 2006 Benjamin Cummings, 6th edition.
>
> 3.) the total number of copies produced of the © 2006 Benjamin Cummings, 6th edition, IRCD CD-ROM.
>
> Thank you; I look forward to receiving this information from you so we can further consider these licensing requests.

Pearson did not provide the requested information. Exhibit G-4.

18. On April 15, 2009, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, authored an email stating, "Do not use images from Norbert Wu or DRK Photos. I'll explain later – I'm off to a meeting. You must find something else, sorry!" Exhibit H. Pearson wanted to avoid using DRK because it made inquiries that, if honestly answered, would have revealed Pearson's widespread copyright infringements.

19. On May 3, 2010 and January 13, 2011, Julie Orr testified that Pearson published photographs in its textbooks in some instances without obtaining any permission, and had printed in excess of license limits in situations where licenses were obtained. Exhibit I-1, I-2.

20. On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained." Exhibit J.

21. On April 1, 2011, DRK's counsel requested that Pearson provide DRK with information regarding Pearson's unauthorized uses of DRK Photographs. On April 11, 2011, DRK's counsel mailed Pearson a dvd detailing DRK's claims and requested that Pearson let him know if there were any claims Pearson contended should be excluded because no infringing use was made of DRK Photographs. Exhibit K. Pearson has not provided the requested information.

22. Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses identified in Exhibit A.

23. Upon information and belief, Pearson used the Photographs without *any* license or permission in additional publications. Because Pearson alone knows these wholly unauthorized uses, DRK cannot further identify them without discovery. Upon information and belief, Pearson has developed a list of its wholly unlicensed uses (euphemistically referred to by Pearson as images that need to be "cleared") and DRK's Photographs are among those Pearson has so identified.

24. Pearson's practice of requesting and paying for a license for limited uses, and then exceeding those licensed uses, extends far beyond the publications in Exhibits B-F. *See* Exhibit L for additional examples. While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions

- 7 -

1  of these publications, generating billions in revenue and profits.  Pearson's business
2  model, built on a foundation of pervasive copyright infringement and fraud, deprived
3  DRK and thousands of other visual art licensors of their rightful compensation and
4  unjustly enriched Pearson with outlandish profits in the process.

5      25.    DRK has satisfied, or Defendants have waived, all conditions precedent to the filing of this Complaint.  On some DRK invoices and on its website, DRK agreed to forgo its right to sue if a licensee agreed to pay 10 times the maximum price (invoice language) or 10 times the normal price (website language) for unauthorized uses, within 10 days of billing.  Accordingly, on April 1, 2011, DRK offered to settle all copyright infringement and contract claims pertaining to images licensed on and after June 17, 2003, for 10 times the maximum price it would have charged for the unauthorized uses made, except for those licenses secured by Pearson through DRK Photo's website.  For website-issued licenses, DRK offered to settle all copyright infringement and contract claims for 10 times the normal price it would have charged for the unauthorized uses made.  The offer provided that it would expire in 10 days and was contingent on Pearson's agreement to disclose within a reasonable time its unauthorized uses and pay DRK within 10 days of receipt of DRK's billing for such unauthorized uses.  Pearson did not accept DRK's offer.

19      26.    Pearson seeks to avoid liability for its widespread copyright infringements by this commit-the-perfect-crime approach:

      A.    license for unrealistically low limits, giving Pearson access to the images and concealing its infringements because DRK doesn't know if and when Pearson violates any particular license's limits,

      B.    use beyond those limits without notice to DRK,

      C.    refuse to disclose its unauthorized uses when requested, and

      D.    argue in court that infringement claims must be dismissed because:

1  (1) a condition precedent — DRK's presentation of an itemized billing for unauthorized uses which Pearson has prevented by refusing to disclose its uses — has not been satisfied; and

(2) claims pleaded "on information and belief" (because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses) are not supported by any evidence and DRK is merely on a "fishing expedition."

27. Upon information and belief, John Doe Printers 1-10 are the printers of the publications in suit, printed copies in excess of the licenses granted by DRK, and earned profits from such printings.

28. All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I

### COPYRIGHT INFRINGEMENT AGAINST PEARSON

29. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

30. The foregoing acts of Pearson constitute infringements of DRK's copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

31. DRK suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II

### FRAUD AGAINST PEARSON

32. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

33. The foregoing acts of Pearson constitute common-law fraud with respect to the photographs identified in Exhibit B-F.

34. DRK suffered damages as a result of Pearson's fraud.

## COUNT III

## COPYRIGHT INFRINGEMENT AGAINST JOHN DOE PRINTERS 1-10

35. DRK incorporates herein by this reference each and every allegation contained in each paragraph above.

36. The foregoing acts of John Doe Printers 1-10 in printing the publications in suit constitute infringements of DRK's copyrights in the Photographs, in violation of 17 U.S.C. §§ 501 *et. seq.*

37. DRK suffered damages as a result of the unauthorized printing of its Photographs by John Doe Printers 1-10.

WHEREFORE, DRK requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell DRK Photographs described in this Complaint and DRK photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of DRK Photographs used in violation of DRK's copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without DRK's authorization.

3. An award of DRK's actual damages and all profits derived from the unauthorized use of DRK Photographs or, where applicable and at DRK's election, statutory damages.

4. An award of punitive or exemplary damages against Pearson.

5. An award of DRK's reasonable attorneys' fees.

6. An award of DRK's court costs, expert witness fees, interest and all other amounts authorized under law.

7. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

DRK demands a trial by jury of all issues permitted by law.

Dated: June 27, 2011

        Plaintiff DRK Photo
        By its attorneys,

        <u>s/ Christopher Seidman</u>

        Christopher Seidman (CS-7816)
        Harmon & Seidman LLC
        101 South Third Street, Suite 265
        Grand Junction, CO  81501
        Telephone: 970.245.9075
        Fax: 970.245.8086
        chris@harmonseidman.com

        Maurice Harmon (MH-9419)
        Harmon & Seidman LLC
        The Pennsville School
        533 Walnut Drive
        Northampton, PA  18067
        Telephone: 610.262.9288
        Fax: 610.262.9557
        maurice@harmonseidman.com