**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRK Photo, | CV 11-8097-PCT-PGR |
| Plaintiff, | |
| v. | **ORDER** |
| Pearson Education, Inc., and John Doe Printers 1–10, | |
| Defendants. | |

Before the Court is Defendant Pearson's ("Pearson") Motion to Dismiss Count II of the Complaint. (Doc. 20.) Plaintiff DRK Photo ("DRK") filed a response in opposition (Doc. 25) and Pearson filed a reply (Doc. 26).

DRK is a stock photography agency in Sedona, Arizona. It licenses photographs to publishers, including Pearson, a publisher of textbooks and other educational materials. On June 27, 2011, DRK filed a Complaint asserting claims for copyright infringement and fraud. (Doc. 1.) The Complaint alleges that Pearson used photographs in excess of print quantities stated in the invoices and intentionally misrepresented print quantities in order to obtain lower license fees. (*Id.* ¶¶ 11–12.)

## DISCUSSION

Pearson contends that Count II of the Complaint, alleging fraud, should be dismissed for failure to state claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for improper venue under Rule 12(b)(3). Because the Court concludes that the fraud claims are subject to arbitration, it will not address Pearson's 12(b)(6) argument.

As the parties note, certain of Pearson's invoices contain terms and conditions providing that:

> Any and all disputes, with the exception of copyright claims, under or in connection with this agreement, including, without limitation, the validity, interpretation, performance and breach hereof, shall be settled by arbitration in Arizona pursuant to the rules of the American Arbitration Association.

(*See* Doc. 20, Ex. A.)

Based on this provision, Pearson contends that "Plaintiff's fraud claim must be resolved pursuant to arbitration." (Doc. 20 at 7.) DRK agrees, and "requests the Court to issue an order compelling arbitration of its fraud claims." (Doc. 25 at 11.) However, DRK opposes Pearson's motion to dismiss. (Doc. 25 at 12.) Instead, DRK asks the Court to stay the fraud claims during arbitration but "retain jurisdiction over them for entry of judgment based on the arbitration award." (*Id.*) DRK requests that the copyright claims proceed in this Court. (*Id.* at 14.)

The Federal Arbitration Act provides that an arbitration clause "shall be valid, irrevocable, and enforceable . . ." 9 U.S.C. § 2. "[T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3.

The parties agree that pursuant to the terms and conditions of the invoices, the fraud claims are arbitrable. The Court will order arbitration and the claims will be stayed. The remaining questions are whether the Court will retain jurisdiction of the fraud claims or, as Pearson requests, dismiss for lack of venue, and whether the copyright claims will also be stayed.

In *Cortez Byrd v. Harbert Construction Co.*, 529 U.S. 193, 202 (2000), the Supreme Court held that a court entering a stay order under 9 U.S.C. § 3 retains jurisdiction over the proceedings and does not lose venue. *See Broadcom Corp. v. Qualcomm Inc.*, 2005 WL 5925585, *1 (C.D. Cal. 2005). Pursuant to this authority, the Court will retain jurisdiction of the DRK's fraud claims pending arbitration.

The Court will stay DRK's copyright infringement claims. "Where some portions of an action are arbitrable and others are not, the decision to stay those claims not subject to arbitration is in the court's discretion." *McLeod v. Ford Motor Co.*, EDCV 04-1255VAPSGLX, 2005 WL 376334, *2 (C.D. Cal. April 14, 2005); *see Wolf v. Langemeier*, No. 2:09-CV-03086-GEB-EFB, 2010 WL 3341823, *8 (E.D. Cal. August 24, 2010). "In deciding whether to stay non-arbitrable claims, a court considers economy and efficiency, the similarity of the issues of law and fact to those that will be considered during arbitration, and the potential for inconsistent findings absent a stay." *Id.*

A stay of all issues is warranted when questions of fact common to all would be involved in both the litigation and the arbitration. *Bischoff v. DirecTV, Inc.*, 180 F.Supp.2d 1097, 1114 (C.D. Cal. 2002) (citing *United States v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985)). Here there is a common set of issues—for instance, factual questions concerning alleged print overruns—involving both the infringement and fraud claims. Therefore, a stay of all claims is appropriate.

Accordingly,

IS HEREBY ORDERED that Pearson's Motion to Dismiss Count II of the Complaint (Doc. 20) is denied with respect to the request to dismiss this action with prejudice and granted with respect to the request to compel arbitration.

IT IS FURTHER ORDERED that the parties are directed to arbitration of DRK's fraud claims in accordance with the terms of the parties' arbitration agreement.

IT IS FURTHER ORDERED that this action is stayed pending the outcome of arbitration pursuant to 9 U.S.C. § 3 and further order of this Court.

IT IS FURTHER ORDERED that the parties shall file a joint status report concerning the arbitration by March 1, 2012.

DATED this 5th day of October, 2011.

Paul G. Rosenblatt
United States District Judge

- 3 -